**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

DONALD ALEXANDER McMILLIAN, #308672,

        Petitioner,

v.                                        ACTION NO.
                                                2:05cv405

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying Donald Alexander McMillian's petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Donald Alexander McMillian ("McMillian") was convicted on February 1, 2002, in the Richmond Circuit Court of first-degree murder and was sentenced to a term of fifty years imprisonment.

McMillian's direct appeal of his convictions to the Virginia Court of Appeals was denied on

October 30, 2002, and the denial was affirmed by a three-judge panel on January 16, 2003. The Virginia Supreme Court refused McMillian's petition for appeal on July 11, 2003. McMillian then filed a habeas petition in the Richmond Circuit Court which was dismissed on January 5, 2005. He did not appeal the decision to the Virginia Supreme Court.

McMillian, presently in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 7, 2005. On September 13, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss.

## B. Grounds Alleged

McMillian asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) the evidence was insufficient to convict him where the circumstantial evidence presented "failed to exclude a reasonable hypothesis that he was innocent;"

(b) he was denied effective assistance of counsel due to his counsel's:

(i) advising him not to testify;

(ii) failure to have D.N.A. evidence from the victim's clothing resubmitted and tested;

(iii) failure to bring to the court's attention that the witnesses might be committing acts of perjury; and,

(iv) failure to ask the detectives about blood in front of the victim's home which was not "picked up."

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

McMillian's action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

The Virginia Supreme Court denied McMillian's petition for appeal on July 11, 2003. The statutory period of limitations for filing a federal habeas petition began running with the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A) (2000). For a prisoner, like McMillian, who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules). See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the one-year statutory period of limitations for filing McMillian's federal habeas petition began running on October 9, 2003.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the

3

initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock. See Harris, 209 F.3d at 327.

McMillian filed a habeas petition with the Circuit Court on July 6, 2004, pausing the clock after almost nine months had expired. McMillian did not appeal the decision to the Virginia Supreme Court, although he had three months in which to do so. See Va. Code Ann. § 8.01-671 (2000). Therefore, the clock began to run again on the three months that McMillian had left under the federal statute of limitations on October 6, 2004.

McMillian had until approximately January 9, 2005, to file his habeas petition. McMillian did not sign his petition until June 26, 2005, which was over five months after the statute of limitations deadline. This Court cannot reach the merits of McMillian's claims, because the claims are barred by the statute of limitations. Therefore, this Court recommends denial of McMillian's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that McMillian's petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

McMillian has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

              /s/
              Tommy E. Miller

Norfolk, Virginia

November 18, 2005

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Donald Alexander McMillian, #308672
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Michael T. Judge, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Elizabeth H. Paret, Clerk

By _____
   Deputy Clerk

November    , 2005